Battle, J.
 

 This case is the same in principle with that of the same plaintiffs against
 
 Pender,
 
 and must be decided in the same way. In that case the plaintiffs sought to impeach the validity of Pender’s judgment against Rhodes, by proving that at the time when he issued his detachment, he was not a creditor of Rhodes. Here the plaintiffs propose to do the same thing, by showing that before the final judgment was obtained by Peter P. Lawrence, his debt was satisfied by a payment made by the defendant Simmons, and therefore that Lawrence was not a creditor at the time when he obtained such judgment. But the judgment established the fact conclusively that he was a creditor, and the plaintiffs can-trot be permitted in this collateral way to deny it.
 
 Skinner
 
 v.
 
 Moore,
 
 2 Dev. & B. 138. Had Simmons, as the surety of Rhodes, paid the debt to Lawrence
 
 after
 
 the final judgment had been obtained, then the testimony offered by the plaintiffs would have been admissible; not for the purpose of impeaching the judgment, but to show drat it had been paid, which, as Simmons was not a party to the judgment, might have had that effect or not, according to the intention of the parties.
 
 Carter
 
 v.
 
 Sheriff of
 
 Halifax, 1 Hawks Rep. 483,
 
 Governor
 
 v.
 
 Griffin,
 
 2 Dev. Rep. 352,
 
 Hodges
 
 v.
 
 Armstrong,
 
 3 Dev. Rep. 253,
 
 Foster
 
 v.
 
 Frost,
 
 4 DeV. Rep. 424. But as the testimony was offered to prove the payment of the debt
 
 before
 
 the final judgment, it was inadmissible for that purpose, and was properly rejected. The judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.